1   David T. Biderman, Bar No. 101577
    DBiderman@perkinscoie.com
2   Aaron R. Goldstein, Bar No. 239423
    AGoldstein@perkinscoie.com
3   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:  310.788.3399

6   Attorneys for Defendant
    U.S. Bank Trust, N.A., as Trustee for LSF9 Master
7   Participation Trust

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  DARYOUSH JAVAHERI,               Case No. 2:18-cv-06615-DSF-AGR

12              Plaintiff,           **DEFENDANT U.S. BANK TRUST,
                                     N.A.'S NOTICE OF MOTION AND
13         v.                        MOTION TO DISMISS
                                     COMPLAINT**
14  DEUTSCHE MELLON NATIONAL
    ASSET. LLC.; US BANK NA. LSF9    **Fed. R. Civ. P. 12(b)(6)**
15  MASTER PARTICIPATION TRUST;
    DOES 1-100, inclusive; and ROE   Date:       September 10, 2018
16  CORPORATIONS, 1-100, inclusive,  Time:       1:30 p.m.
                                     Judge:      Hon. Dale S. Fischer
17              Defendants.          Dept.:      7D

18

19

20

21

22

23

24

25

26

27

28

                                  -1-

1   **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

2   **RECORD:**

3   PLEASE TAKE NOTICE that on September 10, 2018, at 1:30 p.m. in

4   Courtroom 7D of the United States District Court for the Central District of

5   California, located at 350 W. 1st Street, Los Angeles, CA 90012, defendant U.S.

6   Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") will,

7   and hereby does, move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an

8   Order dismissing all claims against them.

9   This Motion is based on this Notice of Motion and Motion, the attached

10   Memorandum of Points and Authorities, the concurrently filed Request for Judicial

11   Notice, all pleadings and papers on file in this action, and such other and further

12   matters as the Court may consider.

13   This Motion is also brought following counsel for Caliber's good faith effort

14   to meet and confer with *pro per* plaintiff, in accordance with Civil Local Rule 7-3.

15   Counsel for Defendant attempted several times to confer with *pro per* plaintiff prior

16   to the filing of this Motion, but did not receive a response.

17   DATED:  August 8, 2018          **PERKINS COIE LLP**

18

19                                  By: */s/ Aaron R. Goldstein*
                                        Aaron R. Goldstein, Bar No. 239423
20                                      AGoldstein@perkinscoie.com

21                                  Attorneys for Defendant
                                    U.S. Bank Trust, N.A., as Trustee for
22                                  LSF9 Master Participation Trust

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................................................. 1

II. FACTUAL BACKGROUND ................................................................ 2

    A.  Plaintiff's Loan and Deed of Trust ............................................ 2

    B.  Nonjudicial Foreclosure ............................................................. 2

    C.  Plaintiff's Previous Lawsuit(s) .................................................. 3

    D.  Recordings Post-Dating the Sale of the Property to U.S. Bank ........... 4

III. ARGUMENT ....................................................................................... 4

    A.  Legal Standard ........................................................................... 4

    B.  The Complaint Should be Dismissed for Failure to Allege Tender .................................................................................. 6

    C.  Plaintiff's Claims are Barred by The Doctrines of Res Judicata and Collateral Estoppel ............................................... 7

        1.  Res Judicata ..................................................................... 7

            a.  Identity of Claims .................................................. 8

            b.  Final Judgment ...................................................... 9

            c.  Identity or Privity of Parties ................................. 9

        2.  Collateral Estoppel ........................................................ 10

    D.  The Complaint Does Not State an Actionable Claim For Relief ........ 11

        1.  Plaintiff Fails to State a Claim for Wrongful Foreclosure or to "Set Aside Trustee Sale" ............................. 11

            a.  The Foreclosure Proceedings Were Authorized ........... 12

            b.  Plaintiff's "Standing" Challenge Fails ................. 12

            c.  Plaintiff's Contention That the Assignments are Invalid Lacks Merit ....................................... 16

            d.  The trustee's sale was proper ............................... 17

            e.  Plaintiff cannot show any prejudice of harm .......... 18

        2.  Plaintiff Fails to State a Claim to Cancel to Cancel the Assignment and/or Trustee's Deed Upon Sale .......... 19

        3.  Plaintiff Fails to State a Claim to Quiet Title ............... 20

    E.  Plaintiff's Complaint Should Be Dismissed Without Leave to Amend .................................................................. 20

IV. CONCLUSION ................................................................................... 21

# TABLE OF AUTHORITIES

Page

<small>CASES</small>

*Abdallah v. United Savs. Bank,*
    43 Cal. App. 4th 1101 (1996)..................................................................6

*Adams v. Cal. Dept. of Health Servs.,*
    487 F.3d 684 (9th Cir. 2007)..................................................................8

*American Continental Ins. v. American Casualty Co.,*
    86 Cal. App. 4th 929 (2003)..................................................................10

*Anderson v. Wickliffe,*
    178 Cal. 120 (1918)..................................................................16

*Arias v. Super. Ct.,*
    46 Cal.4th 969 (2009)..................................................................9

*Arnolds Mgmt. Corp. v. Eischen,*
    158 Cal. App. 3d 575 (1984)..................................................................6

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009) ..................................................................5

*Bascos v. Fed Home Loan Mortg. Corp.,*
    *No.* CV 11-39680-JFW, 2011 WL 3157063 (C.D. Cal. July 22,
    2011)..................................................................13

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................4, 5

*Briosos v. Wells Fargo Bank,*
    737 F. Supp. 2d 1018 (N.D.Cal.2010)..................................................................20

*Carpenter v. Longan,*
    83 U.S. 271 (1872) ..................................................................13

*Chang v. Chen,*
    80 F.3d 1293 (9th Cir. 1996)..................................................................20

*Chavez v. Indymac Mortgage Servs., et al.,*
    219 Cal. App. 4th 1052 (2013)..................................................................11

# TABLE OF AUTHORITIES
### (continued)

Page

*Clark v. Haas Group, Inc.*,
  953 F.2d 1235 (10th Cir. 1992) (cert. denied, 113 S.Ct. 98 (1992))....................7

*Cook v. C.R. England, Inc.*,
  2012 WL 2373258 (C.D. Cal. June 21, 2012)........................................................8

*Dennis v. Wachovia Bank*, FSB,
  2011 WL 181373 (N.D. Cal. Jan. 19, 2011) ........................................................12

*Durning v. First Boston Corp.*,
  815 F.2d 1265 (9th Cir. 1987)..........................................................................5, 8

*Edwards v. Fed. Home Loan Mortgage Corp.*,
  C 12-04868 JSW, 2012 WL 5503532 (N.D. Cal. Nov. 13, 2012) .....................18

*Federated Dep't Stores, Inc. v. Moitie*,
  452 U.S. 394 (1981) ............................................................................................7

*Flemister v. Citibank, N.A.*,
  No. CV 12–5368 CAS, 2012 WL 6675273 (C.D.Cal. Dec. 20,
  2012)...................................................................................................................18

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal. App. 4th 256 (2011)......................................................................17, 18

*Glue-Fold, Inc. v. Slautterback Corp.*,
  82 Cal.App.4th 1018 (2000)...............................................................................19

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal. App. 4th 1149 (2011)...........................................................................12

*Herrera v. Fed. Nat. Mortgage Assn.*,
  205 Cal. App. 4th 1495 (2012)...........................................................................17

*In re Turner*,
  859 F.3d 1145 (9th Cir. 2017)...........................................................................15

*Javaheri v. JPMorgan Chase Bank, N.A.*,
  Case No. 10-CV-08185 ODW.............................................................................1

-iii-

1
2

**TABLE OF AUTHORITIES**
(continued)

Page

3
4

*Javaheri v. JPMorgan Chase Bank, N.A.*,
  Case No. 11-CV-10072 ODW..................................................................... 1

5
6

*Javaheri v. JPMorgan Chase Bank, N.A.*,
  Case No. 12-56566 .................................................................................... 1

7
8

*Javaheri v. JPMorgan Chase Bank, N.A.*,
  Case No. BC634713 .................................................................................. 1

9
10

*Javaheri v. JPMorgan Chase Bank, N.A.*,
  Case No. SC124190 ................................................................................... 1

11

*Javaheri v. JPMorgan Chase Bank, N.A.*,
  Case No. SC125078................................................................................... 1

12
13

*Jelsing v. MIT Lending*,
  2010 WL 2731470 (S.D. Cal. July 9, 2010)........................................ 19

14
15

*Jenkins v. JPMorgan Chase Bank, N.A.*,
  216 Cal.App.4th 497 (2013) .................................................................. 13

16
17

*Kalnoki v. First American Trustee Servicing Solutions, LLC*
  (2017) 8 Cal.App.5th 23, 43 ............................................................ 15, 16

18
19

*Karlsen v. Am. Sav. & Loan Assn.*,
  15 Cal. App. 3d 112 (1971) ..................................................................... 6

20
21

*Kelley v. Mortgage Electronic Registration*,
  642 F. Supp. 2d 1048 (N.D.Cal.2009).................................................. 20

22

*Killian v. Millard*,
  228 Cal. App. 3d 1601 (1991) ............................................................... 16

23
24

*Lane v. Vitek Real Estate Indus. Grp.*,
  713 F.Supp.2d 1092 (E.D. Cal. 2010) ................................................... 13

25
26

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ................................................................... 5

27
28

*Logvinov v. Wells Fargo Bank*,
  No. C-11-04772 DMR, 2011 WL 6140995 (N.D. Cal. Dec. 9, 2011)............... 14

-iv-

1

2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3

*Lujan v. Defenders of Wildlife,*

4

   504 U.S. 555 (1992) ................................................................................ 16

5

*Mack v. Golino*,

6

   95 Cal. App. 2d 731 (1950) ...................................................................... 6

7

*Mendoza v. JPMorgan Chase Bank, N.A.*

8

   (2016) 6 Cal. App. 5th 802, 811-817, review denied (Mar. 22,
   2017) ...................................................................................................... 15

9

*Moeller v. Lien*,

10

   25 Cal. App. 4th 822 (1994) .................................................................. 12

11

*Morgan v. Aurora Loan Services, LLC*,

12

   646 Fed.Appx. 546 (9th Cir. 2016) ....................................................... 15

13

*Mpoyo v. Litton Electro-Optical Systems*,

14

   430 F.3d 985 (9th Cir. 2005) .............................................................. 7, 9

15

*Mycogen Corp. v. Monsanto Co.*,

16

   28 Cal.4th 888 (2002) ............................................................................ 10

17

*New Hampshire v. Maine*,

   532 U.S. 742 (2001) .............................................................................. 10

18

*Nichols v. Board of County Com'rs of County of La Plata, Colo.*,

19

   506 F.3d 962 (10th Cir. 2007) .............................................................. 10

20

*Pareto v. F.D.I.C.*,

21

   139 F.3d 696 (9th Cir. 1998) .................................................................. 5

22

*People v. Barragan*,

23

   32 Cal.4th 236 (2004) .............................................................................. 7

24

*Reyes v. GMAC Mortg. LLC*,

25

   No. 11-01013, 2011 WL 1322775 (D. Nev. Apr. 5, 2011) .................. 13

26

*Shaw v. State of California Dept. of Alcoholic Beverage Control*,

   788 F.2d 600 (9th Cir. 1986) ................................................................ 10

27

28

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Shimpones v. Stickney*,
   219 Cal. 637 (1934) ..........................................................................................20

*Siliga v. Mortgage Electronic Registration Systems, Inc.*,
   219 Cal. App. 75 (2013) ...................................................................................18

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2009) ..............................................................................5

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..............................................................................5

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*,
   322 F.3d 1064 (9th Cir. 2003) ............................................................................9

*Triano v. F.E. Booth & Co.*,
   120 Cal.App. 345 (1932) .....................................................................................9

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ..............................................................................5

*Western Sys., Inc. v. Ulloa*,
   958 F.2d 864 (9th Cir. 1992) ..............................................................................8

*Wilson v. Household Fin. Corp.*,
   2013 WL 1310589 (E.D. Cal. Mar. 28, 2013) .................................................19

*Yazdanpanah v. Sacramento Valley Mortgage Group*,
   2009 WL 4573381 (N.D. Cal. Dec. 1, 2009) ...................................................19

*Yhudai v. Impac Funding Corp.*,
   No. B262509, 2016 WL 4098719 (Cal. Ct. App. July 29, 2016) ................13, 15

*Yvanova v. New Century Mortgage Corp.*,
   62 Cal.4th 919 (2016) .............................................................................13, 14, 15

*Zendejas v. GMAC Wholesale Mortg. Corp.*,
   2010 WL 2629899 (E.D. Cal. June 29, 2010) .................................................19

NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES
**(continued)**

**Page**

STATUTES

California Civil Code § 2924 .................................................................. 12, 17

California Code of Civil Procedure § 761.020 ........................................... 19

RULES

Federal Rules of Civil Procedure P. 11 ....................................................... 7

Federal Rules of Civil Procedure P. 12(b)(6) ......................................... 4, 5

OTHER AUTHORITIES

Bill of Rights .................................................................................................. 1

Prior Lawsuit. *Second* .................................................................................. 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank" or "Defendant") hereby submits its memorandum of points and authorities in support of its Motion to Dismiss to the Complaint ("Complaint") of plaintiff Daryoush Javaheri ("Plaintiff").

## I.   INTRODUCTION

Plaintiff's instant lawsuit is the latest in a long series of unsuccessful challenges to the non-judicial foreclosure proceedings commenced against the subject property more than eight (8) years ago.[1] The focus of Plaintiff's prior actions was for alleged violations of the California Homeowner's Bill of Rights and efforts to enjoin the sale of the subject property. Plaintiff's efforts to stop the foreclosure failed, and the subject property was sold on May 31, 2016.

Now that the property was sold, Plaintiff's latest action is attempt attack the validity of the sale. Plaintiff does not deny his default, however. Nor do he contend that the security instrument he executed barred a nonjudicial foreclosure sale in the event of his default. Rather, he, again, asks this Court to compel U.S. Bank to prove its interest in the note and security and authority to foreclose. But, as California courts have consistently held, nonjudicial foreclosure statutes prevent such an action. Plaintiff lacks standing to compel U.S. Bank to prove its authority. And moreover, Plaintiff's thinly pleaded complaint is scant of facts necessary to support his causes of action. U.S. Bank's motion should be sustained without leave to amend.

---

[1] The cases are: *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. 10-CV-08185 ODW (FFMx), filed on October 29, 2010, and dismissed on December 11, 2012; *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. 12-56566, notice of appeal of summary judgment filed on January 8, 2013, and judgment *affirmed* by the Ninth Circuit Court of Appeal on April 29, 2014; *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. 11-CV-10072 ODW (FFMx), filed on December 5, 2011, and dismissed on January 21, 2013; *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. SC124190, filed on May 19, 2015, and dismissed without prejudice on September 13, 2016 (and its related case *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. SC125078, was dismissed on November 14, 2016); and *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. BC634713, filed on September 21, 2016, and judgment entered in favor of defendant on September 11, 2017.

-1-

## II.   FACTUAL BACKGROUND

Plaintiff is a former homeowner who borrowed a loan secured by certain real property. After defaulting, the security was foreclosed and now he sues to reverse the resulting foreclosure sale.

### A.   Plaintiff's Loan and Deed of Trust

On November 14, 2007, Plaintiff borrowed $2,660,000.00 ("Loan") from Washington Mutual Bank, FA ("WaMu"), which was secured by a deed of trust ("Deed of Trust") recorded against property located at 10809 Wellworth, Los Angeles California (the "Property"). [Request For Judicial Notice ("RJN"), Ex. A.] The Deed of Trust identified Chicago Title Company as trustee. [*Id*.] The Deed of Trust grants the trustee the power to perform a nonjudicial foreclosure in the event of Plaintiff's default. [*See id* at ¶ 22.]

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. On the same date, JPMorgan Chase Bank, N.A. ("Chase") entered into a purchase and assumption agreement with the FDIC acting in its corporate capacity as well as receive for WaMU (the "P&A Agreement") which memorialized Chase's acquisition of certain assets of WaMu - including the beneficial interest in the Loan and DOT. [RJN, Ex. B]

On May 3, 2010, a Substitution of Trustee was recorded against the Property substituting California Reconveyance Company ("CRC") as the Trustee under the Deed of Trust. [RJN, Ex. C.]

### B.   Nonjudicial Foreclosure

Around the same time, Plaintiff fell behind on his Loan payments and, as a result, on May 3, 2010, a Notice of Default was recorded as Plaintiff was in arrears in the amount of $121,843,91 on the loan. [RJN, Ex. D.] On May 14, 2010, a subsequent Notice of Default was recorded as Plaintiff was now in arrears in the amount of $141,558.18 on the loan. [RJN, Ex E.]

1   Plaintiff failed to cure the default on the loan and a Notice of Trustee's Sale
2   was recorded on August 16, 2010. [RJN, Ex. F.]

3   On November 20, 2014, an Assignment of Deed of Trust was recorded against
4   the Property transferring the beneficial interest from WaMu to Chase. [RJN, Ex. G.]
5   Pursuant to the assignment, Chase became the record beneficiary of the Loan and
6   DOT in place of the FDIC. [*Id*.]

7   Also, on November 20, 2014, a Substitution of Trustee was recorded against
8   the Property substituting ALAW as the Trustee under the Deed of Trust. [RJN, Ex
9   H.]

10   On April 21, 2015, an Substitution of Trustee was recorded against the
11   Property substituting Quality Loan Service Corporation ("QLS") as the Trustee under
12   the Deed of Trust. [RJN, Ex I.]

13   On April 27, 2015, Plaintiff still in default, a subsequent Notice of Trustee's
14   Sale was recorded. [RJN, Ex J.]

15   On July 22, 2015, an Assignment of Deed of Trust was recorded against the
16   Property transferring the beneficial interest from Chase to U.S. Bank. [RJN, Ex K.]

17   On November 16, 2015, Plaintiff still in default, a subsequent Notice of
18   Trustee's Sale was recorded. [RJN, Ex L.] The Property was sold at a public auction
19   on May 31, 2016, with U.S Bank becoming the owner. [RJN, Ex M.] On June 9,
20   2016, a Trustee's Deed Upon Sale was recorded against the Property evidencing the
21   foreclosure sale. [*Id*.]

22   **C.   Plaintiff's Previous Lawsuit(s)**

23   Plaintiff has filed several foreclosure avoidance lawsuits throughout, nearly,
24   the last decade. *See*, *supra*, FN 1. In particular, on October 29, 2010, Plaintiff filed a
25   complaint, in U.S. District Court for the Central District of California. ("Prior
26   Lawsuit") [RJN, Ex N.] The Prior Lawsuit contained the exact same wrongful
27   foreclosure allegations alleged about the standing to foreclose as the instant action
28   [*Id*.]

-3-

1      On December 11, 2012, the Honorable Judge Otis D. Wright, II, entered an

2  order summarily adjudicating the Prior Lawsuit in favor of defendants and against

3  Plaintiff on all issues. [RJN, Ex O.] Judgment was then entered in the Prior Lawsuit.

4  [RJN, Ex P.] Plaintiff later appealed the order and it was *affirmed* by the Ninth

5  Circuit. [RJN, Ex Q.]

6  **D.**    **Recordings Post-Dating the Sale of the Property to U.S. Bank**

7      On December 12, 2017, an Assignment of Deed of Trust was recorded that

8  purported to assign the Deed of Trust to defendant Deutsche Mellon National Asset,

9  LLC ("DMNA"). [RJN, Ex R.]

10      On January 11, 2018, a Substitution of Trustee was recorded that purported to

11  substitute BLG, PC National ("BLG") as Trustee under the Deed of Trust. [RJN, Ex

12  S.]

13      On January 16, 2018, a Trustee's Deed Upon Sale was recorded that purported

14  to evidence defendant DMNA as purchaser at the May 31, 2016 auction, despite the

15  earlier recorded Trustee's Deed evidencing the sale to U.S. Bank. [RJN, Ex T.] The

16  Trustee's Deed was prepared by BLG "as trustee Aforesaid." [*Id*.]

17      On July 25, 2018, U.S. Bank filed suit against DMNA and BLG, in the

18  Superior Court of the State of California, County of Los Angeles, to cancel these

19  instruments post-dating its recorded Trustee's Deed Upon Sale. [RJN, Ex U.]

20                **III.**   **ARGUMENT**

21  **A.**    **Legal Standard**

22      A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the

23  complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

24  not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

25  of her 'entitlement to relief' requires more than labels and conclusions, and a

26  formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*

27  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough

28  to raise a right to relief above the speculative level." *Id*. To survive a motion to

dismiss, a plaintiff must do more than assert "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. 1949. Although "[t]he plausibility standard is not akin to a 'probability requirement," the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly*, 550 U.S. 556.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ashcroft*, 129 S. Ct. 1949 (assumption of truth does not apply to "legal conclusions couched as a factual allegation."). *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2009); and *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, when evaluating the adequacy of a complaint, the court may consider exhibits submitted with the complaint or those that are subject to judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Plaintiff's Complaint contains only conclusory allegations, and is devoid of factual content from which any reasonable inference may be drawn that U.S. Bank is

responsible for the misconduct alleged and U.S. Bank should be dismissed without leave to amend.

**B.     The Complaint Should be Dismissed for Failure to Allege Tender**

To have proper standing to pursue an action to set aside a foreclosure sale, *i.e.*, to cancel a voidable sale under a deed of trust, *and for related damages*, Plaintiff must have tendered the undisputed amount owed on the loan, and must show his ability to make said payment. *Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117-18 (1971) (judgment on the pleadings granted). Absent an allegation of tender, the complaint fails to state a claim for relief and should be dismissed. *Id.* at 117; *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); *Mack v. Golino*, 95 Cal. App. 2d 731, 735 (1950) (technical defects did not make the sale void given the recitals in the trustee's deed and deed of trust, and no legitimate tender of money "to do equity" was made, so the trustee's sale was upheld).

Furthermore, the tender requirement also extends to any claim "implicitly integrated" with the foreclosure sale. *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996). A cause of action is "implicitly integrated" with the foreclosure sale if it challenges and/or seeks damages relating to any aspect of the foreclosure process. *Id.*; *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579-80 (1984); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971).

Plaintiff has not stated facts suggesting that he is willing or able to tender the amount owed on the loan, and therefore the Complaint as a whole fails. The fact that Plaintiff defaulted, and was in arrears a substantial sum, and did not tender before the Trustee's Sale, clearly indicates that he is not able, or completely unwilling, to tender the amounts owed at this time. Without tender, Plaintiff seeks empty remedies, not

capable of being granted. Therefore, Plaintiff's Complaint should be dismissed without leave to amend unless she can offer tender consistent with Federal Rules of Civil Procedure, Rule 11.

## C. Plaintiff's Claims are Barred by The Doctrines of Res Judicata and Collateral Estoppel.

### 1. Res Judicata

Res judicata bars all claims that were brought or could have been brought in a previous action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added). Claim preclusion does not mean that the claims alleged must be identical; rather, the claims in the later action must arise from the same transaction as the claims in the prior action. *Id*. In determining whether two claims are sufficiently similar for the purposes of claim preclusion, courts assess whether the claims arise out of the same nucleus of operative facts or if a single core of operative facts forms the basis for both lawsuits. *See Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987, 989 (9th Cir. 2005) (holding that res judicata bars the subsequent filing of claims denied with leave to amend). In addition, a party cannot defeat the application of res judicata by simply offering a new legal theory. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992) (cert. denied, 113 S.Ct. 98 (1992)).

The prerequisites to the application of the res judicata doctrine to an entire cause of action or one or more issues are: (1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *People v. Barragan*, 32 Cal.4th 236, 253 (2004). All three elements are satisfied here.

### a. Identity of Claims

In determining whether successive causes of action are the same, the Ninth Circuit uses the transaction test. "Whether two events are part of the same transaction

-7-

or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). The claim-preclusion test does not just bar claims that actually duplicate those asserted in a prior action, but also those that could have been asserted. *Cook v. C.R. England, Inc.*, 2012 WL 2373258 (C.D. Cal. June 21, 2012). The District Court in *Cook* explained the claim preclusion test as follows:

> Federal claim-preclusion law dictates that a later claim precludes an earlier one if: 1) the causes of action and relief are the same in the two matters; and 2) the parties or privies to the action are the same in the two matters, (citation omitted). The first question entails a further four-prong transaction test that asks:
>
> > 1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; 2) whether substantially the same evidence is presented in the two actions; 3) whether the two suits involve infringement of the same right; and 4) whether the two suits arise out of the same transactional nucleus of facts.

*Id*. at. *5-*6.

Here, the claims in this action and the Prior Lawsuit satisfy the four prong test for determining that the claims and relief are the same. *First*, allowing further claims relating to the ownership and rights under the note/debt would effectively negate the prior court's ruling in entering judgment in favor of Chase as to the ability to foreclose in the Prior Lawsuit. *Second*, the evidence in this case and the Prior Lawsuit regarding ownership of the note would be substantially the same, if not identical. *Third*, both cases involve infringement of the same right, namely the right to enforce a debt and process a foreclosure. *Fourth*, the two cases arise out of the same nucleus of facts as the complaint in this case alleges nothing new that was not or could not have been part of first case. In *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 691 (9th Cir. 2007), the Ninth Circuit held that "in the claim preclusion context, the most significant factor is that the causes of action arise from a common transactional nucleus of facts." Here, the transactional nucleus is the same regarding ownership and rights under the note. Indeed, Plaintiff's present suit is based on the same

-8-

1   arguments raised in the Prior Lawsuit (i.e., Chase's status of a beneficiary and the
2   power of sale in the Deed of Trust). Both the District Court and Ninth Circuit
3   unequivocally rejected Plaintiff's various arguments in the Prior Lawsuit. [RJN Exs.
4   O-Q.] The first element of res judicata is thus easily satisfied.

### b.   Final Judgment

6   The Judgment in the Prior Lawsuit summarily adjudicating Plaintiff's Claims
7   in favor of Chase constitutes a "final order" for purposes of res judicata. [RJN Ex.
8   P.] *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) ("a
9   summary judgment dismissal ... is considered a decision on the merits for res judicata
10  purposes."). Indeed, Plaintiff appealed the Order and the Ninth Circuit *affirmed* the
11  District Court Judgment. As a result, the second element of res judicata is satisfied.

### c.   Identity or Privity of Parties

13  Plaintiff was a party to the Prior Lawsuit. Likewise, Chase, the prior assign to
14  U.S. Bank, was a claimant in the Prior Lawsuit. Res judicata applies not only to
15  parties but to those in privity with the parties as well. *Triano v. F.E. Booth & Co.,*
16  120 Cal.App. 345, 347 (1932); *Arias v. Super. Ct.*, 46 Cal.4th 969, 986 (2009).

17  Here, the Complaint—and judicially noticeable documents—make it clear that
18  U.S. Bank was in privity as successor beneficiary to Chase. [Compl., ¶15; RJN, Ex.
19  K.] And, Plaintiff alleges that U.S. Bank acted as the agents, employees and co-
20  conspirators with prior beneficiaries of the Loan. [Compl., ¶4.] Those are precisely
21  the sort of agency relationships in which there is a sufficiently close relationship to
22  find privity. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning*
23  *Agency*, 322 F.3d 1064, 1082 (9th Cir. 2003).

24  Since the three elements of res judicata are satisfied, the Court should grant
25  the motion to dismiss, and go no further.

### 2.   Collateral Estoppel

27  An aspect of the res judicata doctrine is "[collateral estoppel, or issue
28  preclusion" which "precludes relitigation of issues argued and decided in prior

proceedings." *See Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896 (2002). "Issue preclusion" generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law previously resolved, whether or not the issue arises on the same or a new claim. *See New Hampshire v. Maine*, 532 U.S. 742, 748-749 (2001). In simple terms, the doctrine of issue preclusion provides that once a court of competent jurisdiction decides an issue of fact or law, subsequent litigation of the same issue in a subsequent suit involving a party to the first action is prohibited. *See Shaw v. State of California Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 608-609 (9th Cir. 1986).

The purpose of issue preclusion is the conservation of judicial resources and the fostering of reliance on prior judicial action by minimizing the possibility of inconsistent decisions and by protecting a prevailing party from vexatious litigation. *See Nichols v. Board of County Com'rs of County of La Plata, Colo.*, 506 F.3d 962, 967 (10th Cir. 2007). Issue preclusion bars the relitigation of issues that were litigated in the prior proceeding and applies even if the cause of action involved in the second proceeding is different than the one asserted in the first proceeding. *Shaw*, 788 F.2d at 608.

Collateral estoppel applies when each of the following conditions is met: (1) the issue sought to be precluded from re-litigation is identical to that decided in a former proceeding; (2) this issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought are the same as, *or in privity with*, the party to the former proceeding. *See American Continental Ins. v. American Casualty Co.*, 86 Cal. App. 4th 929 (2003).

Each of the elements of collateral estoppel is found here. The Court in the Prior Lawsuit ruled on the merits that Plaintiff's challenge to the securitization and ownership of the note and summarily adjudicated Plaintiff's claim in favor of Chase

-10-

1    (which was even affirmed by the Ninth Circuit). The issues in the Prior Lawsuit and

2    this one are identical, actually litigated, necessarily final and on the merits, and the

3    Plaintiff is the same in the two cases. The claims are precluded as already having

4    been decided by a competent Court in a related matter.

5    **D.    The Complaint Does Not State an Actionable Claim For Relief**

6           Plaintiff's Complaint includes five causes of action: (1) wrongful foreclosure,

7    (2) to set aside trustee sale; (3) to cancel assignment of deed of trust; (4) to cancel the

8    trustee's deed upon sale; and (5) quiet title. Plaintiff's claims are barred by the

9    doctrine of *res judicata*, as discussed above, and, also, because the supporting

10   argument for each cause of action ignores California's comprehensive statutory

11   framework governing nonjudicial foreclosures. For the <u>additional</u> reasons set forth

12   below, Plaintiff's claims are also subject to dismissal.

13          **1.    Plaintiff Fails to State a Claim for Wrongful Foreclosure or to "Set
                    Aside Trustee Sale"**
14

15          Plaintiff's first and second causes of action allege wrongful foreclosure causes.

16   To state a claim for wrongful foreclosure, Plaintiff must allege (1) the defendants

17   caused an illegal, fraudulent or willfully oppressive sale of the Property; (2) resulting

18   prejudice or harm; and (3) Plaintiff tendered the entire indebtedness or are excused

19   from tendering. *See Chavez v. Indymac Mortgage Servs., et al.*, 219 Cal. App. 4th

20   1052, 1062 (2013). Here, Plaintiff's first cause asserts that foreclosure of the Property

21   was wrongful because of vaguely alleged issues with assignment and/or the

22   securitization of the note. As previously discussed, Plaintiff has failed to tender the

23   indebtedness owned on the Loan or shown that he is excused from doing so.

24   Therefore, this claim fails as a matter of law. Moreover, Plaintiff's claim fails for the

25   following additional reasons.

26          **a.    The Foreclosure Proceedings Were Authorized**

27          California law authorizes lenders and their agents, including the loan servicers

28   and/or trustee, to enforce the power of sale in deeds of trust in foreclosing on real

-11-

properties. If the deed of trust contains an express provision granting a power of sale—as the deed of trust in this case does—the beneficiary may pursue non-judicial foreclosure, often called a "trustee's sale," under the detailed regulatory provisions of California Civil Code § 2924 *et seq. See Moeller v. Lien*, 25 Cal. App. 4th 822, 1830 (1994); *see also* RJN Ex. A, ¶ 22. That statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code §§ 2924(a)(1) and 2924b(b)(4); *see also Moeller*, 25 Cal. App. 4th at 830 ("[u]pon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.").

### b.   Plaintiff's "Standing" Challenge Fails

Plaintiff's vague Complaint challenges Chase, and its subsequent assigns, "standing" to foreclose on the Property. The complaint is based on an unsupported premise—that a borrower may require a beneficiary of a deed of trust to prove it holds the note and has authority to foreclose before it completes a trustee's sale. A borrower cannot. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011) (holding that a plaintiff has no right to sue to contest the foreclosing beneficiary's authority to initiate or conduct a nonjudicial foreclosure because ***California's framework does not permit "a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process" as "recognition of the right to [do so] would fundamentally undermine the nonjudicial nature of the process***) (emphasis added); *see also Dennis v. Wachovia Bank*, *FSB*, 2011 WL 181373, *7-8 (N.D. Cal. Jan. 19, 2011) (holding that no provision of the framework requires a foreclosing party to prove up the "chain of ownership" to a borrower in order to non-judicially foreclose.). Indeed, the Second

-12-

1  Appellate Division, in *Yhudai v. Impac Funding Corp.*, No. B262509, 2016 WL

2  4098719, at *5 (Cal. Ct. App. July 29, 2016), held that the burden is on the plaintiff

3  to show defects in the foreclosure process, not on the defendant to show their

4  authority to foreclose. Plaintiff lacks standing to require proof of authority.

5  Even if Plaintiff could sue to question Defendant's right to enforce the security,

6  there are no facts supporting his contention that the foreclosure sale commenced

7  without authority. A security interest follows the note. *See Carpenter v. Longan*, 83

8  U.S. 271, 274 (1872). Thus, a note purchaser automatically acquires authority to

9  enforce the security. Plaintiff does not allege facts suggesting that U.S. Bank did not

10  purchase or acquire the note. Rather, he blanketly argue that transfers of the note is

11  invalid because the loan was transferred to "private investors." Complaint, ¶ 23.

12  Relying on his factually unsupported, but perceived issue with the mortgage industry,

13  Plaintiff alleges that Chase or U.S. Bank must prove that it purchased a valid interest

14  in the note, that the note was validly assigned to the trust and that it held the note

15  when foreclosure commenced. (*See* Complaint, throughout.) Plaintiff is wrong.

16  Courts have resoundingly rejected allegations that securitization changes the

17  rights or obligations of parties to a loan. *Bascos v. Fed Home Loan Mortg. Corp., No.*

18  CV 11-39680-JFW (.1Cx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011)

19  ("Plaintiff has no standing to challenge the validity of the securitization of the loan

20  as he is not an investor [in] the loan trust"). "[S]ecuritization merely creates 'a

21  separate contract, distinct from [p]laintiffs] debt obligations" under the note, and does

22  not change the relationship of the parties in any way. *Reyes v. GMAC Mortg. LLC,*

23  No. 11-01013, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011). *See Jenkins v.*

24  *JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 515 (2013) (overturned on other

25  grounds by *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 939, n.13

26  (2016)) ("Jenkins is not the victim of such invalid transfers because her obligations

27  under the note remained unchanged"); *Lane v. Vitek Real Estate Indus. Grp.*, 713

28  F.Supp.2d 1092, 1099 (E.D. Cal. 2010) (under California law, parties do not lose

their interest in a loan secured by deed of trust when it is assigned to a trust pool); *Logvinov v. Wells Fargo Bank*, No. C-11-04772 DMR, 2011 WL 6140995, at *2-3 (N.D. Cal. Dec. 9, 2011) (rejecting the borrower's position that the securitization of the note in a REMIC trust rendered the lender's interest in the property invalid and the foreclosure improper). Based on the facts alleged, securitization of the Plaintiff's loan did not affect Defendant's interests.

As the California Supreme Court recently decided in *Yvanova,* a borrower can generally raise no objection to the assignment of the deed of trust. *Yvanova.*, 62 Cal.4th at 927. The Supreme Court carved out one very narrow exception to the general rule that a borrower lacks standing to challenge an entity's authority to foreclose. The Court held that a borrower-claimant does not lack standing to sue for wrongful foreclosure to contest the authority of the foreclosing entity *if* (1) the trustee's sale has completed and (2) the borrower properly alleges that the assignment is void, not merely voidable. *See id*. at 924. But, although borrowers have standing to challenge a *void* assignment, they do not have standing to challenge a *voidable* one. *Id.* at 936. The California Supreme Court explained that ***"[w]hen an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment***; the transaction is not void unless and until one of the parties takes steps to make it so." *Id.* (emphasis added.) A void assignment, in contract, is a legal nullity *ab initio. Id.* at 939-40, 936-37. The Supreme Court did not, however, elucidate on what made an assignment void as opposed to merely voidable because "that question [was] outside the scope of [the Court's] review." *Id.* at 941.

*Saterbak v. JPMorgan Chase Bank, N.A. and Yhudai v. Impac Funding Corp.* picked up where *Yvanova* left off. 245 Cal.App.4th 808 (2016); 1 Cal.App.5th 1252 (2016). *Saterbak* held that "an untimely assignment to a securitized trust made after the trust's closing date... is merely voidable," not void and therefore does not afford a borrower standing to challenge foreclosure under *Yvanova.* 245 Cal.App.4th at 814-

-14-

15. *Yhudai* concurred: "[A] postclosing assignment of a loan to an investment trust that violates the terms of the trust renders the assignment voidable, not void, under New York law." 1 Cal.App.5th at 1259; *see also Morgan v. Aurora Loan Services, LLC,* 646 Fed.Appx. 546, 550 (9th Cir. 2016) ("an act in violation of a trust agreement is voidable - not void - under New York law").

California courts continue to uniformly hold that deficiencies in the securitization process render the transaction "voidable" at the election of the trust and the mortgagor has no standing to pursue such claims. *E.g.*, *Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 43 ("We decline to follow *Glaski* and instead conclude that an assignment to a securitized trust made after the trust's closing date is merely voidable"); *Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal. App. 5th 802, 811-817, review denied (Mar. 22, 2017) (rejecting the notion that an untimely transfer to a REMIC automatically voids the transaction). Thus, at best, Plaintiff's allegations of defects in the assignment of the deed of trust describe an assignment that was "voidable"—allegations that are insufficient to support a wrongful foreclosure claim and an exception to the tender rule.

The Ninth Circuit has also issued many decisions applying *Yvanova* and affirming decisions dismissing cases based on claims as to untimely assignments. In *In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017), the Court affirmed the dismissal of a case where plaintiff argued assignments of a Deed of Trust were made after the timeline required by the securitized trust's pooling and servicing agreement. This Court cited *Saterbak, Mendoza*, and *Yhudai, supra*, and found, "the fact that the assignments of the DOT were made well after the ninety-day timeframe, merely rendered the transfer voidable, not void." *In re Turner,* 859 F.3d at 1149. The Court found, "As a result, the district court properly dismissed the Turners' wrongful foreclosure claim for failure to state a claim."

Under *Yvanova* and the cases interpreting it—both state and federal—Plaintiff does not have standing to challenge Defendant's foreclosure. Plaintiff does not allege

-15-

facts showing the assignment of deed of trust was void. He alleges in a conclusory manner that "Chase was not the owner of the note and cannot identify the owner of the loan. Chase did not purchase the loan when it took over WaMu…" but says nothing about what makes it void. (*See* Complaint, ¶¶ 24-29.) Plaintiff's arguments regarding the status or the transfer of the note are entirely irrelevant to Chase and U.S. Bank's authority to initiate foreclosure under the power of sale provision in the Deed of Trust. This, of course, makes perfect sense since only the beneficiary is potentially harmed by the irregularity, but the borrower's obligations under the loan remain the same. "[A]ny alleged irregularities in the securitization process are merely voidable at the securitized trust beneficiary's behest." *Kalnoki*, 8 Cal.App 5th at 43. Plaintiff seeks to do just what the Supreme Court and Court of Appeals bar—to convert a nonjudicial proceeding into a judicial one. Plaintiff's causes of action are improper. The Motion to Dismiss must be sustained.

### c.   Plaintiff's Contention That the Assignments are Invalid Lacks Merit

The assignments from WaMu to Chase to U.S. Bank did not change Plaintiff's obligations under the note. Indeed, since Plaintiff is neither a party to nor an intended beneficiary of the Assignment between any defendant, and Plaintiff does not allege as such, Plaintiff lacks standing to attack its validity. *See Killian v. Millard*, 228 Cal. App. 3d 1601, 1605 (1991) (holding that one not a party to a contract lacks standing to void the contract); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (detailing the three elements necessary to constitute standing); *Anderson v. Wickliffe*, 178 Cal. 120, 122 (1918) (holding that the validity of an assignment between the original owner of a note and the assignee "was a matter of no concern to the maker"). Any claim for an irregularity in the assignment belongs to the parties to the assignment not the borrowers.

To the extent that Plaintiff's purported causes of action seek equitable cancellation or invalidation of any Assignment of Deed of Trust, such requests fail

-16-

as a matter of law. Even the assignment that post-dated the foreclosure sale where U.S. Bank obtained ownership (the December 12, 2017 Assignment to defendant DMNA), only U.S. Bank, as the prior beneficiary, has any grounds to challenge the new assignment. The Property was already nonjudicially foreclosed. The remedy for any defective assignment post-dating the statutorily proper nonjudicial foreclosure would lie with U.S. Bank, and not Plaintiff.

### d.    The trustee's sale was proper

Cal. Civ. Code § 2924(a)(3) allows "the mortgagee, trustee, or other person authorized to take the sale" to "give notice." Cal. Civ. Code 2924g provides that the "sale shall commence at the time and location specified in the notice of sale" but the sale may be postponed "at any time prior to the completion of the sale for any period of time not to exceed a total of 365 days from the date set forth in the notice of sale." Cal. Civ. Code § 2924g(a), (c)(1). "The notice of each postponement and the reason therefor shall be given by public declaration by the trustee at the time and place last appointed for sale." Cal. Civ. Code § 2924g(d).

In this case, QLS, acting either as the entity designated in the executed Substitution of Trustee or an authorized agent for the Deed of Trust beneficiary, executed and recorded the Notice of Trustee's Sale, setting a date for sale of the Property due to Plaintiff's default on the loan. [*See* RJN, Ex L.] Although Plaintiff vaguely asserts that the defendants did not comply with Cal. Civ. Code § 2924g (Complaint, ¶ 30), he fails to allege any facts indicating that the Notices of Trustee's Sale was invalid.

### e.    Plaintiff cannot show any prejudice of harm

A claim for wrongful foreclosure also requires Plaintiff to allege that the alleged imperfection in the foreclosure process was prejudicial to her interests. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011); *see also Herrera v. Fed. Nat. Mortgage Assn.*, 205 Cal. App. 4th 1495, 1507–08 (2012) ("Even assuming plaintiffs can allege specific facts showing that MERS assignment

-17-

of the [Deed of Trust] to OneWest and OneWest's assignment to Fannie Mae were void, ... plaintiffs must also show plaintiffs were prejudiced...."). The Court in *Fontenot* pointed out the difficulty of alleging prejudice:

> Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note …, nor that the original lender would have refrained from foreclosure under the circumstances presented. If MERS indeed lacked authority to make the assignment, **the true victim was not plaintiff but the original lender**, which would have suffered the unauthorized loss of a…promissory note.

*Fontenot*, 198 Cal. App. 4th at 272 (internal citation omitted) (emphasis added). Courts in this Circuit have accepted similar logic. *Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal. App. 75, 85 (2013); *Flemister v. Citibank, N.A.*, No. CV 12–5368 CAS (JCGx), 2012 WL 6675273, at *5 (C.D.Cal. Dec. 20, 2012); *Edwards v. Fed. Home Loan Mortgage Corp.*, C 12-04868 JSW, 2012 WL 5503532 (N.D. Cal. Nov. 13, 2012).

While Plaintiff alleges that he is entitled to damages and relief as a result of foreclosure, he fails to allege any facts demonstrating how he has been prejudiced by any alleged irregularities in the sale or that he was harmed at all. Plaintiff does not dispute his default under the Note and Deed of Trust, nor does he allege the foreclosure proceedings prevented him from paying the Note or curing default in response. Nor does Plaintiff establish any damages resulting from any of the recorded documents (RJN, Exs S, T, U) which post-dated the sale to U.S. Bank. Thus, because Plaintiff has not shown prejudice, his cause of action must fail.

### 2.   Plaintiff Fails to State a Claim to Cancel to Cancel the Assignment and/or Trustee's Deed Upon Sale

Part and parcel with the first and second causes of action, Plaintiff's third and fourth causes of action seeks to cancel instruments, Assignments and Trustee's Deed Upon Sale.

-18-

A request to cancel [an instrument] is 'dependent upon a substantive basis for liability, [and has] no separate viability.'" *Yazdanpanah v. Sacramento Valley Mortgage Group*, 2009 WL 4573381, *6 (N.D. Cal. Dec. 1, 2009) (quoting *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023 n.3 (2000)). "To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010). As discussed above, and throughout, Plaintiff's causes of action are barred by *res judiciata* and, also, Plaintiff has not pled any facts that would provide a legal basis for adjudging any documents at issue in this action void. This claim fails as a result and should be dismissed without leave to amend.

Additionally, the tender rule also applies to claims for cancellation of instruments. *Jelsing v. MIT Lending*, 2010 WL 2731470, *6 (S.D. Cal. July 9, 2010). As addressed above, Plaintiff has not alleged tender. Because Plaintiff has failed to allege tender of his outstanding debt, Plaintiff may not obtain equitable relief. Even if Plaintiff were to allege tender of payment, the cause of action would fail because Plaintiff is unable to show prejudice. See *Wilson v. Household Fin. Corp.*, 2013 WL 1310589, at *8 (E.D. Cal. Mar. 28, 2013) (explaining that "a party is unable to show prejudice "if he is unable to pay his reasonable indebtedness). Accordingly, Plaintiff's cause of action for the cancellation of the Trustee's Deed Upon Sale should be dismissed without leave to amend.

### 3.    Plaintiff Fails to State a Claim to Quiet Title

Plaintiff's fifth, and final, cause of action seeks to quiet title in his favor. To plead a claim for quiet title, Plaintiff must allege: (1) a legal description of the property and its street address or common designation; (2) Plaintiff's title and the basis of title; (3) the adverse claims to title; (4) the date the determination is sought; and (5) a prayer for the determination of title against the adverse claims. Cal. Code Civ. Proc. § 761.020. Moreover, the complaint must be verified. *See id.*

-19-

The quiet title claim fails for multiple reasons. First, the complaint must be verified, but it is not verified.

Second, Plaintiff no longer has any interest in the Property because it was already sold at the foreclosure sale. (*See* RJN, Ex. M). Since Plaintiff has no interest in the Property following the sale, Plaintiff cannot state a claim for quiet title.

Third, Plaintiff's claim fails because Plaintiff cannot quiet title without first discharging his debt. *See, e.g., Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D.Cal.2009). "In California it is well-settled that 'a mortgager cannot quiet his title against the mortgagee without paying the debt secured.'" *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1032 (N.D.Cal.2010) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). Plaintiff did not satisfy his debt. Since Plaintiff has failed to allege tender, his quiet title fails and the motion to dismiss should be granted.

### E.   Plaintiff's Complaint Should Be Dismissed Without Leave to Amend

Though leave to amend is generally liberally granted, leave to amend here would be futile and a waste of judicial resources. Where a motion to dismiss is granted, a district court should deny leave to amend when it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). Plaintiff's Complaint is completely without merit and contrary to established California law. Plaintiff cannot cure the fatal defects of his Complaint. U.S. Bank should not be forced to continue to incur costs defending this meritless lawsuit. Plaintiff's incessant pursuit of claims he knows are barred, has asserted previously and failed, has now crossed the border to become vexatious litigation. Enough is enough. Plaintiff's Complaint in its entirety should be dismissed without leave to amend.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

For the above-stated reasons, U.S. Bank respectfully requests that the court grant its Motion to Dismiss Plaintiff's Complaint in its entirety *without leave to amend*.


DATED:  August 8, 2018

**PERKINS COIE LLP**


By: */s/ Aaron R. Goldstein*
   Aaron R. Goldstein, Bar No. 239423
   AGoldstein@perkinscoie.com

Attorneys for Defendant
U.S. Bank Trust, N.A., as Trustee for
LSF9 Master Participation Trust

-21-

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721. On August 8, 2018, I deposited with Federal Express, a true and correct copy of the within documents:

**DEFENDANT U.S. BANK TRUST, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

in a sealed envelope, addressed as follows:

| | |
|---|---|
| Daryoush Javaheri | Daryoush Javaheri |
| 9240 Whitekirk Place | 1728 Del Mira Dr. |
| Las Vegas, NV 89145 | Las Vegas, NV 89128 |
| Telephone: 310-591-7596 | Telephone: 310-591-7596 |
| Plaintiff in Proper Person | Plaintiff in Proper Person |

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 8, 2018, at Los Angeles, California.



Jose G. Gamez

-22-

NOTICE OF MOTION AND MOTION TO DISMISS
140820832.1