DARYOUSH JAVAHERI
1728 Del Mira Dr.
Las Vegas, NV 89128
(310) 591-7596
Plaintiff in Proper Person



FILED
CLERK, U.S. DISTRICT COURT
AUG 2 9 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYOUSH JAVAHERI, | Case No. 2:18-cv-06615-DSF-AGR (ODW) |
| Plaintiff, | OPPOSITION TO DEFENDANT US BANK TRUST NA'S MOTION TO DISMISS AND COUNTER-MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION |
| v. | |
| DEUTSCHE MELLON NATIONAL ASSET LLC, US BANK NA, LSF9 MASTER PARTICIPATION TRUST; et. al., | Date: Sept. 10, 2018<br>Time: 1:30 p.m.<br>Judge: Hon. Dale S. Fischer<br>Dept: 7D |
| Defendant. | |

Plaintiff herein submits this Opposition to Defendant US BANK's MOTION TO DISMISS, indicating as follows:

1. That Defendant take nothing by way of his Motion to Dismiss; and that the matter be determined on the merits.

2. That the Court acknowledge Plaintiff is in Proper Person, and English is not his primary language, so it take him some time to Respond; and an extension of time to respond is proper.

3. That the Court and Defendants note Plaintiff's change of address, which has been filed with this Court.

That this Opposition is made and based upon the pleadings and exhibits contained herein, and any oral argument at the time of hearing.

Dated this 23 day of August, 2018.

DARYOUSH JAVAHERI
Plaintiff in Proper Person

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed this action in the Superior Court of California, in and for the County of Los Angeles, seeking relief for Wrongful Foreclosure; to Set Aside Trustee's Sale, to Void or Cancel Assignment of Trust; to Quiet Title; and for Wrongful Eviction due to the ongoing wrongdoing of Defendants.

The property at issue was sold at a foreclosure sale on May 31, 2016. Since the property has been foreclosured upon and sold, Plaintiff's causes of action are ripe for resolution.

Plaintiff does, in fact, deny the default as well as the wrongful foreclosure, which he attempted to file prematurely in the past. Plaintiff also contests the security instrument he executed barred a nonjudicial foreclosure sale in the event of a default. If his complaint is insufficient to sustain such action as written, which expenses force him to do in Proper Person, he requests leave of the court to add these causes of action.

However, in no case is a summary dismissal of this action appropriate without the presentation of the facts that lead to this matter.

2

## II. FACTUAL BACKGROUND

Plaintiff is the former home owner. He obtained a loan from Washington Mutual Bank FA ("WaMu"), secured by a Deed of Trust. Chicago Title Company was the Trustee.

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver. JPMorgan Chase Bank, N.A. ("Chase") entered into a purchase and assumption agreement with the FDIC where Chase acquired certain assets of WaMu.

This has been a troubling case from the beginning. In fact, this case cannot be addressed without consideration of several other cases that were filed on Appellant's behalf to address the proper ownership of the Property at issue.

Plaintiff was wrongfully evicted. The affidavit of service improperly identified the person served by a name that did not belong to any occupants of the residence, and there was an ongoing action in eviction court at the time of the filing of the foreclosure in this matter.

Respondent filed an unlawful detainer action against Appellant in the court of limited jurisdiction. Appellant had been the home owner of the real property located at 10809 Wellworth Ave., Los Angeles, California ("the Property") since approximately 2006. Appellant was not properly served with the Complaint and Summons. Instead, on or about Sunday, June 26, 2016, a copy of the Complaint and Summons was taped to the front door.

A Proof of Service signed by a process server on 6/27/16 was filed on 7/18/16, alleging a copy of the Summons and Complaint was left with a "co-occupant" in her 30s named Jane Javaheri, purportedly at 9:45 a.m. There is no person by the name of Jane Javaheri, and therefore, the Court lacked jurisdiction over Appellant, as

3

Appellant was never properly served. The process server "fabricated" the name 'Jane Javaheri' to limit his workload.

It is not acceptable that the server alleges he used the name 'Jane Javaheri' in place of 'Jane Doe' as there is no statutory authority to do so, and it is not within his discretion to take such liberties. Also, in the proof of service, the server alleges to have attempted service:

June 24, 2016 at 8:54 p.m

June 25, 2016 at 6:32 a.m.

June 25, 2016 at 3:06 p.m.

Appellant disputes the validity of these alleged attempts as well.

Thus, Plaintiff was wrongfully evicted from the residence to begin with.

Clearly, even on this issue, there are facts in dispute which warrant discovery and a trial; rather than summary judgment.

## III. ARGUMENT

**A. Legal Standard**

In a Rule 12(b)(6) motion, the court most accept as true all material allegations in the complaint, as well as all reasonable inference to be drawn therefrom. *Pareto v. FDIC.* 139, F.3d 696.699 (9th Cir.). Plaintiff's complaint sets forth the issues and exhibits that demonstrate he the property was wrongfully foreclosed upon, and he was wrongfully evicted from the property.

Therefore, it is appropriate that this matter proceed to be heard on the merits of the case, rather than by default.

Plaintiff's complaint contains more than conclusory allegations, and presents factual content that demonstrates there are material facts in dispute and that Plaintiff is entitled to discovery, and a trial, rather than summary judgment.

4

Case 2:18-cv-06615-ODW-FFM   Document 17   Filed 08/29/18   Page 5 of 7   Page ID #:456

Plaintiff is proceeding in proper person, and is at a disadvantage in pleading his case; however, the facts and evidence demonstrated clearly that Plaintiff was wrongfully evicted and not provided proper notice, due to faulty service - sufficient in itself to warrant further discovery.

While Defendant seeks to dismiss this matter due to the lack of tender, Plaintiff's ability to tender was extinguished due to wrongful eviction, and the court must look favorably at all reasonable inferences presented by Plaintiff. Discovery is appropriate in this matter.

Defendant alleges Plaintiff's claims are barred by collateral estoppel and res judicata. In fact, the claim for wrongful foreclosure was not properly before the court until after foreclosure was complete. Plaintiff could not have properly filed for wrongful foreclosure prior to the actual foreclosure. Therefore, this matter is not barred due to res judicata or collateral estoppel.

Plaintiff's Complaint clearly states claims for relief upon which this court can respond.

Defendants wrongly allege Plaintiff has not pled for Quiet Title. Defendant's acknowledge Plaintiff seeks seven (7) causes of action. Even in the title, item (5) is to Quiet Title. Thus, this is clearly incorrect.

Plaintiff's Complaint must ben liberally granted, with leave to amend if there are defects in the Complaint. Plaintiff has no funds to retain counsel, but that does not make the wrongdoing any less significant - in fact, it makes it more so.

## IV CONCLUSION

Plaintiff requests the court acknowledge summary judgment is not appropriate in this matter, and if there are any deficiencies, that Plaintiff be granted leave to amend to address such deficiencies.

Dated this 23 day of August, 2018.

_____
DARYOUSH JAVAHERI
Plaintiff in Proper Person

## CERTIFICATE OF SERVICE

      I certify that on the date indicated below, I served a copy of this Notice of Change of Address upon all parties to the appeal as follows, by mailing it first class mail with sufficient postage prepaid to the following address(es) (list names and address(es) of parties served):

Secretary of State
1500 11th ST 3rd floor
Sacramento, CA 95814
for Deutche Mellon National Asset, LLC

Aaron Goldstein, Eq.
Perkins Coie LLP
1888 Century Park E. Suite 1700
Los Angeles, CA 90067
for US Bank, NA


DATED this ___ day of _____, 2018.

DARYOUSH JAVAHERI
Plaintiff in Proper Person