# United States District Court
# Central District of California

| | |
|---|---|
| DARYOUSH JAVAHERI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEUTSCHE MELLON NATIONAL ASSET, LLC; US BANK NA. LSF9 MASTER PARTICIPATION TRUST; DOES 1–100, inclusive; and ROE CORPORATIONS, 1–100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:18-cv-6615-ODW(FFM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE [10]** |

Presently before the Court is Defendant U.S. Bank Trust NA's Motion to Dismiss Plaintiff Daryoush Javaheri's Complaint. (ECF No. 10.) For the following reasons, Defendant's Motion to Dismiss is **GRANTED with PREJUDICE**.[1]

## I. BACKGROUND

The instant matter represents Plaintiff's fourth "bite at the apple"—he has twice argued against what he perceives as wrongful foreclosure before the Court, and once before Judge Dolly M. Gee. (Nos. 10-cv-08185-ODW (FFM) ("*Javaheri I*"), 11-cv-

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

10072-ODW (FFM), 15-cv-04762-DMG (PLA)) In *Javaheri I*, Plaintiff sued JP Morgan Chase N.A. ("JP Morgan"), alleging: (1) wrongful foreclosure; (2) violation of California Civil Code section 2923.5; (3) unjust enrichment; (4) RESPA and TILA violations; (5) no contract; (6) fraud and concealment; (7) quiet title; (8) declaratory and injunctive relief; (9) slander of title; and (10) intentional infliction of emotional distress. (Complaint at 1, *Javaheri I*, No. 10-cv-08185-ODW (FFM) (C.D. Cal. Oct. 29, 2010)).

On December 11, 2012, the Court granted JP Morgan's Motion for Summary Judgment. (Order Granting Defs.' Mot. Summ. J., *Javaheri I*, No. 10-cv-08185-ODW (FFM), (C.D. Cal. Dec. 11, 2012), ECF No. 127.) Plaintiff appealed one month later, and on February 21, 2014, the United States Court of Appeals for the Ninth Circuit affirmed the Court's Order Granting Summary Judgment. (Order from Court of Appeals for the Ninth Circuit, *Javaheri I*, No. 10-cv-08185-ODW (FFM), ECF No. 134.)

Defendant U.S. Bank is the successor beneficiary to JP Morgan, having acquired the subject property through a public auction on May 31, 2016. (Motion to Dismiss ("Mot") 3; ECF No. 10.)

Plaintiff sued Defendants on June 14, 2018, in the Superior Court of California, County of Los Angeles. (Notice of Removal, ECF No. 1.) In his Complaint, Plaintiff alleges: (1) wrongful foreclosure; (2) to set aside trustee's sale; (3) to void or cancel trustee's deed upon sale; (4) to void or cancel assignment of deed of trust; (5) quiet title; and (6) relief for eviction and related relief. (*Id.*) Defendants removed the matter to the Court on August 1, 2018, and Defendant U.S. Bank moved to dismiss on August 8, 2018. (*Id.*; Mot.)

On March 23, 2019, the Court ordered Plaintiff to Show Cause why Defendant Deutsche Mellon National Asset LLC ("Deutsche") should not be dismissed for lack of service. On April 2, 2019, after the Plaintiff failed to respond to the Order to Show Cause, the Court dismissed Deutsche from the case. (Order, ECF No. 24.)

## II. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under a 12(b)(6) motion can be based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citations and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

In addition to its Motion to Dismiss, Defendant has requested that the Court take judicial notice of several documents. (Req. for Judicial Notice ("RJN"), ECF

No. 11.) Accordingly, the Court will address whether judicial notice is appropriate before turning to the merits of Defendant's Motion to Dismiss.

A. **REQUEST FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201 provides: "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may presume that public records are authentic and trustworthy. *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Accordingly, such public records fall within the purview of Federal Rule of Evidence 201. *See Lee*, 250 F.3d at 689–90; *see also Peruta v. Cty. of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating that courts may properly take judicial notice of documents appearing on governmental websites); *Miller v. Cal. Reconveyance Co.*, No. 10-cv-421-IEG (CAB), 2010 WL 2889103, at *3 n.1 (S.D. Cal. July 22, 2010) ("The [c]ourt will take judicial notice of the P & A Agreement between JPMorgan and the FDIC . . . because this agreement is a matter of public record whose accuracy cannot reasonably be questioned.").

In support of its Motion, Defendant requests that the Court take judicial notice of the following documents, pursuant to Federal Rule of Evidence 201:

- (1) Deed of Trust recorded in the Los Angeles County Recorder's Office on November 30, 2007, as instrument number 20072634177;
- (2) Purchase and Assumption Agreement dated September 25, 2008;
- (3) Substitution of Trustee, recorded in the Los Angeles County Recorder's Office on May 3, 2010, as instrument number 20100596312;
- (4) Notice of Default, recorded in the Los Angeles County Recorder's Office on November 30, 2007, as instrument number 20100596313;
- (5) Notice of Default, recorded in the Los Angeles County Recorder's Office on May 14, 2010, as instrument number 20100661624;

- (6) Notice of Trustee Sale, recorded in the Los Angeles County Recorder's Office on August 16, 2010, as instrument number 20101136133;
- (7) Assignment of Deed of Trust, recorded in the Los Angeles County Recorder's Office on November 20, 2014, as instrument number 20141246759;
- (8) Substitution of Trustee, recorded in the Los Angeles County Recorder's Office on November 20, 2014, as instrument number 20141246760;
- (9) Substitution of Trustee, recorded in the Los Angeles County Recorder's Office on April 21, 2015, as instrument number 20150439895;
- (10) Notice of Trustee's Sale, recorded in the Los Angeles County Recorder's Office on April 27, 2015, as instrument number 20150472535;
- (11) Assignment of Deed of Trust, recorded in the Los Angeles County Recorder's Office on July 22, 2015, as instrument number 20150890684;
- (12) Notice of Trustee's Sale, recorded in the Los Angeles County Recorder's Office on November 16, 2015, as instrument number 20151428266;
- (13) Trustee's Deed Upon Sale, which was recorded in the Los Angeles County Recorder's Office on June 9, 2016, as instrument number 20160666435;
- (14) Complaint filed in the United States District Court, Central District of California, *Javaheri I*, Case No. 2:10-cv-08185-ODW (FFM), on October 29, 2010;
- (15) Order issued in *Javaheri I* on December 11, 2012;
- (16) Judgment issued in *Javaheri I* on December 11, 2012;
- (17) Memorandum filed in United States Court of Appeals for the Ninth Circuit, Case No. 12-56566, on March 10, 2014;
- (18) Assignment of Deed of Trust, recorded in the Los Angeles County Recorder's Office on December 12, 2017, as instrument number 20171437524;
- (19) Substitution of Trustee, recorded in the Los Angeles County Recorder's Office on January 11, 2018, as instrument number 20180034887;

- (20) Trustee's Deed Upon Sale, recorded in the Los Angeles County Recorder's Office on January 16, 2018, as instrument number 20180044919; and
- (21) Complaint filed in Superior Court of California, County of Los Angeles, Case No. SC129593, On July 25, 2018.

(RJN 2–3, ECF No. 11.)

Exhibits 1 – 13, and 18 – 20 are officially recorded documents, which include the date of recording and contents recorded. Thus, they are not reasonably subject to dispute and capable of immediate and accurate determination by sources of reasonably indisputable accuracy. Exhibits 14–17 and 21 are proceedings in other courts, which are subject to judicial notice. *See U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted) Given that exhibits 14–17 are filings from Plaintiff's prior lawsuit, judgment, and appeal, they are subject to judicial notice. Exhibit 21 pertains to Defendant's lawsuit to cancel certain instruments and is therefore a public document also subject to judicial notice because it is "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b)(2).

Accordingly, Defendant's request for judicial notice as to all documents is **GRANTED**.

B.  RES JUDICATA

Defendant maintains that the doctrine of res judicata requires the Court to dismiss Plaintiff's Complaint. (Mot. 9.) Plaintiff maintains that res judicata is inapplicable because his "claim for wrongful foreclosure was not properly before the [other] court until after foreclosure was complete." (Opp'n. 5.)

Res judicata bars a subsequent action where the following elements are met: "(1) an identity of claims; (2) a final judgment on the merits; and (3) privity between

parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). Although res judicata is an affirmative defense, a court may dismiss an action on that ground based on the facts alleged in the pleadings as well as any facts properly subject to judicial notice. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

### 1. Identity of Claims

As to the first element, identity of claims, courts consider the following:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)). These criteria are not applied "mechanistically." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016). "The fourth criterion is the most important." *Harris*, 682 F.3d at 1132. The first three elements weigh in favor of applying res judicata, and the transactional nucleus of facts all stem from the foreclosure of Plaintiff's property. Plaintiff's argument that res judicata cannot apply because his foreclosure was not properly before the Court is unavailing, because an identity of claims does not mean preclusion is avoided by attaching a different legal label to an issue that has, or could have, been litigated. *Arduini v. Hart*, 774 F.3d 622, 630 (9th Cir. 2014). Thus, the foregoing criteria weigh in favor of applying res judicata.

Accordingly, the first element is met.

### 2. Final Judgment on the Merits

Res judicata also requires a final judgment on the merits. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). There was clearly such a final judgment here. "[A] summary judgment dismissal . . . is considered a decision on the

merits for res judicata purposes." *Id.* As indicated, the Court previously granted summary judgment against Plaintiff and the United States Court of Appeals affirmed. Accordingly, the former action was resolved by a final judgment on the merits.

Thus, the second element is also met.

### 3. Privity of the Parties

"Even when the parties are not identical, privity may exist if 'there is "substantial identity" between parties, that is, when there is sufficient commonality of interest.'" *Tahoe-Sierra Pres. Council,* 322 F.3d at 1081 (quoting *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir. 1983)). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Id.* at 1081–82.

Plaintiff was a party to the prior lawsuit. Likewise, JP Morgan, the prior assign to Defendant U.S. Bank, was a claimant in the prior lawsuit. Res judicata applies not only to parties but to those in privity with the parties as well. Here, the Complaint—and judicially noticeable documents—make it clear that Defendant U.S. Bank was in privity as successor beneficiary to JP Morgan. (Compl., ¶ 15; RJN, Ex. K.) Moreover, Plaintiff alleges that Defendant U.S. Bank acted as the agent, employee and co-venturer with prior beneficiaries of the Loan. (Compl. ¶ 4.) Those are precisely the sort of agency relationships in which there is a sufficiently close relationship to find privity.

Accordingly, the third element is met.

Given that all three required elements are met, the Court need not address Defendant's additional arguments.

### C. LEAVE TO AMEND

In general, a court should liberally allow a party leave to amend its pleading. *See* Fed. R. Civ. P. 15(a); *see also Owens*, 244 F.3d at 712 ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") (internal citations and quotation marks omitted). However,

the Court may deny leave to amend where amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002).

Here, granting leave to amend in light of the Defendant's successful invocation of res judicata, is in itself an exercise in futility. No argument supporting leave to amend exists; thus, leave to amend is not appropriate.

## IV. CONCLUSION

Accordingly, Defendant's Motion is **GRANTED with PREJUDICE**. The Clerk shall close the case.

**IT IS SO ORDERED.**

April 8, 2019

 **OTIS D. WRIGHT, II**
 **UNITED STATES DISTRICT JUDGE**