United States District Court
Central District of California

DARYOUSH JAVAHERI,

    Plaintiff,

v.

DEUTSCHE MELLON NATIONAL ASSET, LLC et al.,

    Defendants.

Case № 2:18-cv-06615-ODW(FFM)

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES [29]**

## I. INTRODUCTION

On April 8, 2019, the Court granted a motion to dismiss filed by defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Protection Trust ("Defendant") and entered judgment on April 15, 2019 against plaintiff Daryoush Javaheri ("Plaintiff"). Defendant now moves for attorneys' fees in the amount of $13,846. For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Attorneys' Fees ("Motion"). (Mot., ECF No. 29).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court has recited the facts of this case extensively in its Order Granting Defendant's Motion to Dismiss with Prejudice ("Order") and incorporates that discussion here by reference. (*See* Order, ECF No. 25.)

Briefly, Plaintiff borrowed $2,660,000 secured by a Deed of Trust against property located at 10809 Wellworth, Los Angeles CA (the "Property"). (*See* Def.'s Req. for Judicial Notice ("RJN") in Support of Mot. to Dismiss, ECF No. 11.) After Plaintiff defaulted on the loan, the Property was sold at public auction on May 31, 2016 with Defendant becoming the owner, and on June 9, 2016, a Trustee's Deed Upon Sale was recorded against the Property evidencing the foreclosure sale. (*Id.*) Following a lengthy procedural history and multiple judgments recounted in this Court's April 8, 2019 Order, Plaintiff again sued Defendant on June 14, 2018, asserting the following claims: (1) wrongful foreclosure; (2) to set aside trustee's sale; (3) to void or cancel trustee's deed upon sale; (4) to void or cancel assignment of deed of trust; (5) quiet title; and (6) relief for eviction and related relief. (*See generally* Compl., ECF No. 1-1.)

On April 8, 2019, the Court dismissed Plaintiff's claims with prejudice based on Defendant's successful invocation of *res judicata*. (*See* Order.) The Court entered judgment on April 15, 2019, and Defendant timely filed the Motion on April 22, 2019 seeking attorneys' fees under the promissory note ("Note").[1] (J., ECF No. 28; Mot.) On May 13, 2019, The Court deemed adjudication of the Motion appropriate without oral argument and therefore vacated the May 20, 2019 hearing. (ECF No. 30.) Plaintiff then filed an untimely opposition ("Opposition") on May 17, 2019. (*See* Opp'n, ECF No. 31.)

### III. LEGAL STANDARD

**A. Motion for Attorneys' Fees Pursuant to Contract.**

"Under California law, a prevailing party is ordinarily not entitled to attorneys' fees unless the parties have previously agreed to shift fees or the fees are otherwise provided by statute." *In re Bennett*, 298 F.3d 1059, 1070 (9th Cir. 2002) (citations

---

[1] The Court previously took judicial notice of the Note—attached to Defendant's Request for Judicial Notice in Support of Motion to Dismiss—and again considers the Note in conjunction with the instant Motion.

omitted).  "California Civil Code § 1717(a) provides for the awarding of attorney's fees in the case of a contract." *Orange v. Wachovia Bank, N.A.,* No. EDCV 12-01683 VAP, 2013 WL 7869377, at *1 (C.D. Cal. Sept. 23, 2013).  Section 1717(a) states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a); *see also* Cal. Civ. Proc. Code §§ 1021, 1033.5(a).

A party seeking recovery of attorneys' fees under Section 1717(a) must show that: (1) a contract authorizes such fees; (2) the moving party is the prevailing party; and (3) the fees incurred are reasonable. *Johnston v. Lindauer*, No. 2:07-CV-01280, 2010 WL 2850767, at *4 (E.D. Cal. July 20, 2010) (citing *First Nat. Ins. Co. of Am. v. MBA Const.,* No. 02:04–CV–836 GEB–JFM, 2005 WL 3406336, at *2 (E.D. Cal. Dec. 12, 2005).  Moreover, "to recover fees incurred in connection with litigation of a claim under a fee shifting contract, a party must show that the claim fell within the scope of the contract…" *Boza v. US Bank Nat'l Ass'n*, No. 12-cv-06993JAKFMOX, 2013 WL 12136517, at *3 (C.D. Cal. July 25, 2013), *aff'd sub nom. Boza v. U.S. Bank NA (Two Cases)*, 606 F. App'x 357 (9th Cir. 2015) (quoting *Baldain v. Am. Home Mortg. Servicing, Inc.,* No. CIV.S-09-0931LKK/GGH, 2010 WL 2606666, at *5 (E.D. Cal. June 28, 2010).

## IV. DISCUSSION

### A. Whether Fees May Be Awarded

Defendant argues that it is contractually entitled to recover attorneys' fees under California Civil Code § 1717(a) pursuant to Section 7(e) of the Note, which provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note… Those

3

expenses include, for example, reasonable attorneys' fees.

(*See* Request for Judicial Notice, at Exhibit A, § 7(e).)

First, Defendant correctly states that it is the prevailing party in this case, as the Court granted Defendant's Motion to Dismiss with Prejudice (*See* Order.) and entered judgment in favor of Defendant. (*See* J.)

Second, Defendant is correct that Section 7(e) of the Note constitutes a valid fee-shifting provision and that Plaintiff's dismissed claims fell within the scope of Section 7(e). *In re Baroff*, 105 F.3d 439, 442–43 (9th Cir. 1997) ("California courts liberally construe 'on a contract' to extend to any action as long as an action involves a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit....") (quoting *Milman v. Shukhat,* 22 Cal. App. 4th 538, 544–45 (1994)) (additional internal quotations omitted).  Indeed, Defendant prevailed on every claim against it and California courts make clear that those claims constituted an action "on the contract" because they challenged the validity of Plaintiff's mortgage obligation and Defendant's right to foreclose in connection with Plaintiff's mortgage. *See, e.g., Ng v. U.S. Bank, NA*, No. 15-cv-04998-KAW, 2016 WL 6995884, at \*4 (N.D. Cal. Nov. 30, 2016) ("Plaintiff's claims directly challenged Defendants' ability to enforce the note and deed of trust, both by claiming that Defendants did not have the authority to enforce the documents and by seeking to rescind the documents entirely."); *Bonner v. Redwood Mortg. Corp.*, No. 10-cv-00479-WHA, 2010 WL 2528962, at \*3 (N.D. Cal. June 18, 2010) (awarding fees on fraudulent misrepresentation, unjust enrichment, conspiracy, quiet title, § 17200, usury, predatory lending, privacy and emotional distress claims "[g]iven their significant relation to the parties' mortgage contract."); *Rivera v. Wachovia Bank*, 2009 WL 3423743, at \*2 (S.D. Cal. 2009) (mortgage case awarding fees on claims for declaratory relief, fraud, breach of covenant, breach of contract, quiet title, unfair business practices and conspiracy because they were all "either based directly on the contract, require predicate acts based on the contract, or relate to the formation of the

contract").

Plaintiff does not dispute Defendant's grounds for recovery of attorneys' fees nor can he contest this voluminous California authority awarding contract-based attorneys' fees in analogous mortgage cases. Instead, Plaintiff's untimely Opposition purports to challenge Defendant's Motion for Attorneys' Fees by arguing that the Court improperly granted Defendant's motion to dismiss based on *res judicata* and by again arguing the merits of Plaintiff's already-dismissed underlying claims. (*See generally* Opp'n.) But Plaintiff's untimely Opposition provides no procedural or substantive bases for this Court to reconsider its dismissal, let alone does it challenge the well-grounded merits of the Motion now before the Court. (*Id.*)

The Court therefore finds that Defendant is entitled to an award of attorneys' fees and turns to the amount of the award.

**B.  Amount of Attorneys' Fees**

An award of attorneys' fees must be reasonable. "The reasonableness of a party's fee calculation is determined by the 'lodestar method'" accomplished by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Morales v. San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). This method includes consideration of the 12–factor test set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064–65 (9th Cir. 2006).

The *Kerr* factors assist the Court to determine whether the lodestar figure is reasonable and if it should be adjusted. *Kerr*, 526 F.2d at 70. The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the

experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id*. These factors are "intended to provide district courts with guidance" when adjusting the lodestar and "were never intended to be exhaustive or exclusive." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986). Courts "need not consider all twelve factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." *Kessler v. Assocs. Fin. Servs. Co. of Haw.*, 639 F.2d 498, 500 n.1 (9th Cir. 1981).

### 1. Reasonable Hourly Rate

Defendant seeks a range of $450 to $490 per hour for attorney Aaron Goldstein; $535 per hour for attorney Kristine Kruger; $310 per hour for an individual named Kenneth Ragsak; and $215 per hour for an individual named Sean Campos. (*See* ECF No. 29-2 at Ex. A.) To determine whether hourly rates are reasonable, courts consider whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of S. Cal. IBEW–NECA Pension Plan v. Electro Dynamic Servs.*, CV 07–05691-MMM-PLAx, 2008 WL 11338230, at *5 (C.D. Cal. Oct. 14, 2008) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The relevant community is the district in which the adjudicating court sits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The party seeking attorneys' fees may satisfy its burden of showing that the proposed hourly rate is reasonable by submitting affidavits of counsel, affidavits of other counsel in the relevant community, and by providing case law examples of the relevant community rate. *See id.* at 980–81.

Defendant submits a declaration from its counsel of record, Aaron Goldstein, detailing his experience of over 13 years and attaching a billing statement itemizing hours worked on this case by himself and others employed by his firm. (Goldstein Decl., ECF No. 29-2.) "Once the fee applicant has proffered such evidence, the

opposing party must produce its own affidavits or other evidence to rebut the proposed rate." *Cortes v. Metro Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

Plaintiff did not oppose Defendant's proposed hourly rates. (*See generally* Opp'n.) Accordingly, the Court must rely solely on Mr. Goldstein's declaration in support of the Motion. As such, the Court accepts the proposed hourly rate of $450 for Mr. Goldstein as reasonable because he has sufficiently attested to his experience over the past 13 years and Plaintiff offers no rebuttal. (Goldstein Decl.) However, Defendant provides no evidence regarding the experience—or even the roles—of the remaining individuals whose work is detailed in the billing statement. (*Id.*) With no evidence regarding the reasonableness of these professionals' hourly rates, this Court cannot evaluate Defendant's request for an award as to these individuals' fees. Defendant also fails to offer evidence supporting the necessity of Mr. Goldstein's inexplicable hourly rate increase from $450 to $490 during the pendency of this case. Hence, the Court finds an hourly rate of $450 for Mr. Goldstein to be reasonable but is constrained by Defendant's lack of affirmative evidence and therefore must reject Defendant's request for a fee award for Mr. Goldstein's colleagues and an hourly rate exceeding $450 for Mr. Goldstein.

### 2. Number of Hours Reasonably Expended

"A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). "The fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Here, Defendant's billing statement shows that Mr. Goldstein spent 16.7 hours from July 12, 2018 to April 8, 2019 and his declaration states that he spent an additional 3.5 hours preparing Defendant's Motion for Attorneys' Fees, totaling 20.2

hours work and $9,090 in fees incurred for Mr. Goldstein's work in connection with this case when calculated at an hourly rate of $450. (*See* Goldstein Decl. at ¶ 5, Ex. A.) Defendant's detailed billing statement substantiates this time and Mr. Goldstein declares that every .1-hour increment in said billing statement "was reasonable and necessary to the successful defense of this action." (*See id.* ¶ 4.) Plaintiff does not dispute the number of hours spent or meaningfully respond to Defendant's Motion. (*See generally* Opp'n.)

Considering Plaintiff's failure to oppose, Defendant's meticulous recordkeeping, and the lengthy history of this case warranting the hours invested by Mr. Goldstein, the Court finds that Defendant has satisfied its burden in demonstrating the reasonableness of the work performed by Mr. Goldstein. In its discretion, the Court reduces this amount by 10% and awards Defendant $8,181. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("The district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.")

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Attorneys' Fees and **AWARDS $8181** to Defendant. (ECF No. 29.)

**IT IS SO ORDERED.**

January 9, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**